IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. BRIGHT, et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO.  06-3654 |
| | : | |
| v. | : | |
| | : | |
| CITY OF CHESTER, et. al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                                                          June 19, 2007

Presently before the Court are Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (Docket No. 7) and Plaintiffs' Response in Opposition (Docket No. 17).  For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**.

**I.  BACKGROUND**

The parties do not dispute the facts in this action.  Plaintiffs are former police officers of the City of Chester who have retired due to disabilities incurred in the course of their duties.  Defendants consist of the City of Chester; Wendell Butler, the Mayor of the City of Chester; Dalinda Carrero-Papi, the Controller of the City of Chester; Nationwide Life Insurance Company of America, the City's police pension fund distributor; and the City of Chester Aggregated Pension Board.  Plaintiffs bring this cause of action alleging that Defendants have violated 14 U.S.C. §1983 and the Fourteenth Amendment by depriving Plaintiffs of their due process rights by unilaterally deducting offsets from Plaintiffs' pension compensation.

The events giving rise to this cause of action are as follows: As a third class city, and thus governed by the Third Class City Code ("Code"), the City of Chester is obligated by ordinance to establish police pension funds. 53 P.S. §35101 *et seq*. 39301, 39303.2 (Complaint ¶ 24. 25. 26) Consistent with its obligations, the City has passed an ordinance providing for police pensions. This ordinance provides:

> Beginning January 1, 1982, any police officer who becomes permanently and totally disabled as a result of a disability incurred while in the actual performance of his or her duty who, by reason thereof, is unable to perform his or her duties as a member of the police force shall be entitled upon application to the Commission to retire and to receive a monthly pension until death or reinstatement. Such pension shall be in an amount equal to one hundred percent (100%) of such police officer's W-2 form in the twelve month period prior to his or her retirement.
>
> The city can claim as an offset from the aforesaid pension the following items:
> (1) One hundred percent (100%) of whatever workers' compensation benefit the retired officer is receiving as a result of his or her service connected disability; . . .

(Compl. ¶ 29.)

The relationship between the Fraternal Order of Police and the City of Chester is governed by the Collective Bargaining for Policeman and Firearm Act, 43 P.S. §§217.1-217.10, and the Pennsylvania Labor Relations Act, 43 P.S. §§211.0-211.13. (Pls' Mem. Resp. to Defs.' Mot. Dismiss 5.) This collective bargaining agreement ("CBA") contains an analogous provision relating to offsets. (Defs.' Mem. Supp. Dismiss. 5.)

On August 2, 2006, City Controller Dalinda Carrero-Papi sent a letter to Plaintiffs stating the following:

> Please be advised that by Resolution dated July 26, 2006 the City of Chester Aggregated Pension board authorized the deduction of [amount] from your monthly pension check. See Attached

>Resolution.  The aforementioned sum reflects a 100% workers'
>compensation offset as contracted between the City and William
>Penn Lodge No. 19, Fraternal Order of Police.  This deduction will
>be reflected in your August, 2006 pension check.  Thank you.

(Pls' Mem. Resp. to Defs.' Mot. Dismiss 6.)  Plaintiffs subsequently had the workers' compensation offset amounts deducted from their pension checks without a pre-deprivation hearing or instructions relating to any post-deprivation hearings.  (Pls' Mem. Resp. to Defs.' Mot. Dismiss 6.)  Plaintiffs thereafter filed the present action claiming that in making the offset, the City violated their due process rights.  Specifically, Plaintiffs argue that Defendants acted unilaterally and failed to provide Plaintiffs with any means of disputing the offsets.  (Pls' Mem. Resp. to Defs.' Mot. Dismiss 12.)  Defendants seek to dismiss the complaint arguing that the offsets at issue are not protected property, and even assuming the offsets are protected property, Plaintiffs are not being deprived of their due process rights.  For the following reasons, Defendants' motion to dismiss is granted.

## II.  STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) is granted where the plaintiff fails to state a claim upon which relief can be granted.  F.R.C.P. 12(b)(6).  This motion "may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to [the] plaintiff, [the] plaintiff is not entitled to relief."  Maio v. Aetna, Inc., 221 F.3d 472, 481 (3d Cir. 2000) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997)) (citations omitted).  A court must accept all of the plaintiff's allegations as true and attribute all reasonable inferences in his favor.  Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004)   Generally, in ruling on a motion to dismiss, a district court may not

consider matters extraneous to the pleadings.  Total Control, Inc. v. Danaher Corp., 359 F. Supp. 2d 380, 383 (E.D. Pa. 2005) (citing In re Burlington Coat Factory, 114 F.3d at 1426).  However, the Court may, and will, take judicial notice of the records of the prior proceedings involving Plaintiff and Defendants.  Id. (citing Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n. 3 (3d Cir. 1988)) (citation omitted).

**III.  ARGUMENT**

After careful review of the record, and making all inferences in favor of Plaintiffs, it is apparent that Plaintiffs have failed to state a claim upon which relief can be granted.  At the outset, there is some question as to whether the offsets at issue constitute a protected property interest.  However, even accepting Plaintiffs' argument and assuming there is a protected property interest at stake, Plaintiffs cannot proceed with a claim of a due process violation when they have yet to take advantage of the due process preserved by their collective bargaining agreement. The Third Circuit Court of Appeals has repeatedly held that "in cases in which 'a due process claim is raised against a public employer, and grievance and arbitration procedures are in place, . . . those procedures satisfy due process requirements.'" Leneny v. City of Pittsburgh, 183 F.3d 220, 228 (3d Cir. 1999) (quoting Dykes v. Southeastern Pa. Trans. Auth., 68 F.3d 1564, 1571 (3d Cir. 1995)).  Furthermore, the Third Circuit has also made clear that "in order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000).  "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." Ibid.

In this case, Plaintiffs' due process rights have not been violated, but rather exist in their collective bargaining agreement and have yet to properly be exercised. The evidence clearly demonstrates that grievance and arbitration procedures are in place by way of the collective bargaining agreement. As of yet, Plaintiffs have not taken advantage of those processes, and there is no evidence of those processes being unavailable or inadequate. As Defendants point out, the collective bargaining agreements under review were negotiated at arms length, and the Fraternal Order of Police has been represented by counsel and has a long history of contract negotiations. (Defs.' Mem. Supp. Dismiss 9.) The CBA explicitly states that:

> The City can claim as an offset from the aforesaid pension the following items: (a) 100% of whatever workers' compensation benefits the retired Police Officer is receiving as a result of his or her service-connected disability; (b) all earnings from employment which the retired Police Officer did not have at the time he or she retired and/or all earnings in excess of those average earnings from employment which the retired Police Officer had at the time he or she retired and which said Police Officer had regularly received during the twelve (12) month period immediately preceding his or her service-connected disability retirement. This offset shall be reduced by the annual cost to the retiree of the health insurance benefits paid for by said retiree, provided, however, the annual cost of such benefits shall not exceed the annual cost to the City for providing such benefits to active Police Officers of the same status as the retiree at the time of his or her retirement.

(Defs.' Mem. Supp. Dismiss 6; CBA Article XXIII, Paragraph 1(B).)

Furthermore, "Article IV of the CBA sets forth a grievance procedure for 'the settlement of a dispute between the parties under the interpretation, application or claimed violations of Departmental rules and regulations, state law, City ordinances, and all clauses of this Agreement.'"(Defs.' Mem. Opp. Preliminary Injunction 3.)

Accordingly, the CBA clearly permits the deductions at issue, and Defendants are therefore well within their rights.  Any deductions that Plaintiffs find to be improper should be challenged by way of the bargained for grievance procedures.  It is these procedures that provide Plaintiffs with the due process they seek, and thus it cannot be argued that a due process violation has occurred.  It is therefore appropriate to grant Defendants' Motion to Dismiss based on this fact alone, and the remaining issue of whether the offsets constitute a protected property interest need not be addressed at this time.

### IV.  CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is granted.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. BRIGHT, et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 06-3654 |
| | : | |
| v. | : | |
| | : | |
| CITY OF CHESTER, et. al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 19th day of June, 2007, upon consideration of Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (Docket No. 7) and Plaintiffs' Response in Opposition (Docket No. 17), it is hereby **ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

This case is **CLOSED**.

BY THE COURT:

 *s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.